# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NICHAE D. FAIR,

    Plaintiff,                                      Case No. 6:21-cv-02162

v.

CTFLO, LLC, doing business as
RENT-A-CENTER,

    Defendant.

## COMPLAINT

**NOW COMES** Nichae D. Fair ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of CTFLO, LLC, doing business as Rent-A-Center ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, Invasion of Privacy ("IOP"), and Intentional Infliction of Emotional Distress ("IIED").

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction applies as to Plaintiff's state law and common law claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in Kissimmee, Florida. Defendant resides in the Middle District of Florida, Defendant conducts business in the Middle District of Florida, and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is an American public furniture and electronics rent-to-own company with its corporate office in Boca Raton, Florida.

6. Defendant acted through its agents, employees, officers, affiliates, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise, Plaintiff financed a bedroom set, a television, a PlayStation 5 gaming console, a single bed, and a computer from Defendant in March 2021 ("subject debt").

8. Plaintiff was obligated to pay $176 per week to Defendant until the remaining balance was paid off.

9. Due to the pandemic, Plaintiff contracted COVID-19 and was out of work, causing her to fall behind on weekly payments when a payment was due on July 7, 2021.

10. On July 17, 2021, Defendant called Plaintiff and demanded Plaintiff make a payment of $1,147, even though the parties agreed to a weekly payment plan of $176 per week.

11. Subsequently thereafter, numerous amounts of calls were placed by the Defendant to the Plaintiff's cellular phone number (407) 361-1115, in an attempt to collect on the subject debt.

12. At all relevant times, Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular phone number ending in 1115.

13. Plaintiff told Defendant about her financial difficulty and that the amount of calls she is receiving is becoming harassing and that she would like the calls to cease.

14. In July 2021, Defendant began placing calls to Plaintiff's daughter, Courtney's, cellular phone number (321) XXX-0336.

15. On July 21, 2021, Defendant called Plaintiff's daughter over 23 times within less than a 24-hour period, in an attempt to collect on the subject debt.

16. In one of the 23 calls Plaintiff's daughter received, she told Defendant that the calls she is receiving are unwelcomed and that she no longer wants to be contacted by them.

17. In calls Plaintiff answered, Plaintiff and her daughter told Defendant that they no longer want to receive calls from Defendant to their cellular phones.

18. Notwithstanding Plaintiff's request to stop calling, Defendant continued to place collection calls to Plaintiff's cellular phone without her consent.

19. In total, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone from July 2021 through the present day, with calls taking place on back-to-back days, and multiple calls in one day.

20. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

21. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

22. Moreover, Plaintiff also hears what sounds to be call center noise in the background of Defendant's calls.

23. Upon information and belief, Defendant placed its calls to Plaintiff's cellular phone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

### DAMAGES

24. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

26. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

27. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number and Plaintiff's daughter's cellular phone using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

30. Upon information and belief, based on the noticeable pause, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

31. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without her consent.

32. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications by

Plaintiff and her daughter. Yet, Defendant's ATDS continued to keep Plaintiff's phone number stored, causing its system to randomly or sequentially dial the number dozens of times thereafter.

33. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between July 2021 and the present day, using an ATDS without her consent.

34. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

35. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

36. Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

37. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

38. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

39. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff NICHAE D. FAIR respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call, and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

41. At all times relevant to this action, Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

42. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. § 559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. § 559.51(1).

43. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute § 559.55(6).

44. Defendant violated sections 559.72(7) of the FCCPA through its unlawful conduct.

### a. Violations of FCCPA § 559.72(7)

45. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor with such frequency as can reasonably be expected to harass the debtor, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor.

46. Defendant violated section 559.72(7) of the FCCPA when it placed repeated harassing telephone calls to Plaintiff after Plaintiff and her daughter demanded that Defendant stop calling her. Defendant ignored Plaintiff's request and continued to place numerous harassing phone calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff NICHAE D. FAIR requests that this Honorable Court:
   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff her actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
   c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;
   d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);
   e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and
   f. Award any other relief this Honorable Court deems equitable and just.

**COUNT III-INVASION OF PRIVACY-INTRUSION UPON SECLUSION**

47. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

48. Defendant's persistent and unwanted autodialed phone calls to her cellular phone eliminated Plaintiff's right to be left alone.

49. Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day was highly intrusive and invasive.

50. All of the calls made to Plaintiff's cellular phone was made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

51. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

52. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

53. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

54. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

55. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

56. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

57. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Plaintiff NICHAE D. FAIR, respectfully requests that this Honorable Court to enter judgment in her favor as follows:
   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
   b. Awarding Plaintiff actual damages;
   c. Award Plaintiff punitive damages;
   d. Award Plaintiff her reasonable attorney's fees & costs; and
   e. Enjoining Defendants from contacting Plaintiff.

### COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58. To state a claim for intentional infliction of emotional distress under Florida Law, a Plaintiff must demonstrate: (1) intentional or reckless conduct (2) that is outrageous in that it is beyond all bounds of decency and utterly intolerable

in a civilized community (3) and that causes the victim emotional distress (4) that is severe. *See Kim v. Jung Hyun Chang*, 249 So. 3d 1300, 43 Fla. L. Weekly 1441 (Dist. Ct. App. 2018).

59. Defendant intentionally engaged in extreme and reckless conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions, threats and harassment carried out during the phone calls to Plaintiff's cellular phone.

60. Defendant knew that its relentless phone calls and threats would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

61. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

62. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

63. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

64. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment.

65. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

66. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

67. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

68. As stated above, Plaintiff has suffered damages from Defendants' extreme and outrageous conduct.

**WHEREFORE,** Plaintiff NICHAE D. FAIR respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Enter judgment in her favor and against Defendant;

b. Award Plaintiff her actual damages in an amount to be determined at evidentiary hearing;

c. Award Plaintiff punitive damages in an amount to be determined at evidentiary hearing;

d. Award any other relief this Honorable Court deems equitable and just.

Dated: December 28, 2021                 Respectfully Submitted,

                                         */s/ Alexander J. Taylor*

                                         Alexander J. Taylor, Esq.
                                         Florida Bar No. 1013947
                                         Sulaiman Law Group, Ltd.
                                         *Of Counsel*
                                         2500 S. Highland Ave, Suite 200
                                         Lombard, IL 60148
                                         Telephone: (630) 575-8181
                                         Facsimile: (630) 575-8188
                                         ataylor@sulaimanlaw.com
                                         *Counsel for Plaintiff*